## THE STATE *v.* BUNGARDNER.

CRIMINAL LAW. *Written charge.* Where the judge asked the counsel in the presence of the prisoner and the jury whether he desired a written charge, (under act of 1873,) and the counsel expressly waived it, agreeing to a verbal charge, which was accordingly given, it can not be assigned as error by the prisoner, on the ground that that to which a person assents is not esteemed in law an injury.

---

FROM SHELBY.

---

Appeal from the Criminal Court. JOHN R. FLIPPIN, Judge.

L. B. HORRIGAN for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the Court.

In these cases the main ·question is, whether a defendant can assign as error the failure of the judge below to give his charge in writing as required by the act of 1873, ch. 57, where the judge asked the counsel of the prisoner, in the presence of the jury, if he desired a written charge, and the counsel expressly waived it, agreeing to a verbal charge.

While the statute is imperative on all the judges, and he is guilty of a failure of his duty when he does not write and deliver his charge in writing to the jury, and one that should be reprobated; and we add, while he ought not to ask the defendant to waive

his performance of this duty, and is guilty of an impropriety in doing so, yet we hold, that when it appears the prisoner, by his counsel, has voluntarily and freely waived a written charge, and this led the judge to give a verbal charge, thereby assenting to what is done, and inducing such action, that he cannot be heard to assign it for error in this court. It is a long established principle of our laws that has ripened into a maxim, that "that to which a person assents is not esteemed in law an injury." Brown's Leg. Max., 204. This maxim is so clearly applicable in this case that it needs perhaps no further discussion.

There may be apparent exceptions, such as the rule settled by our decisions, that a prisoner cannot be called on to assent to the separation of the jury trying his case, but this exception is founded in the fact that confinement of a jury is a serious personal annoyance to them, and the great danger that they may be subjected to improper influuences if allowed to mingle with the general public. · We can approve of the rule forbidding the court to put the prisoner in condition of refusing a relief to the jury from irksome confinement, and insisting on that which shall give them much annoyance, without seeing its application to the action of a judge who could not be assumed to be in the least degree affected by a refusal to waive his reducing his charge to writing. There can be no danger to the prisoner by such refusal, as the judge would then be compelled to write every word of his charge to the jury, and if any error is found in it, it can be revised by this court.

We have considered the cases cited by counsel from California and Missouri, and while we admit the force of their reasoning in favor of the correctness of the rule prescribed by the statute, and the importance of judges conforming to it, we do not think they are of equal force on the question of a voluntary waiver by the prisoner, nor do we think it can in anywise prejudice a prisoner with a court, if he refuse to consent to a verbal charge.

It is proper here to say, that we do not appreciate or approve the objections urged by the Attorney-General to this statute. It is one of the most wholesome laws in our opinion on our statute book. If instructions are to be given to the jury as to the law of the case, it certainly is important that such instructions should be clearly understood, so as to be readily applied to the facts of the case. It has always been a most serious practical objection to trial by jury, that, being unlearned in the law, unfamiliar with its technical language and its rules, juries are almost of necessity liable to have but an indistinct recollection of what was given them in charge by the court. This difficulty has been met by this statute, and, if complied with, juries may always certainly know and have before them, plainly written out, the rules of law which they are called upon to apply in the particular case.

To maintain that the verbal charge should be given instead of a written one as required, is to maintain practically that uncertainty and want of clear apprehension of the rule to be applied, is preferable to its

opposite, and that uncertain impression of the law as. retained by the memory, is of more certain and easy application, and will better conduce to the ends of justice, than a definite and clear understanding of the principle to be applied. This is an absurdity in reason, and has always been an evil in practice, and one which we are glad to see obviated by our Legislature. The fact that costs have been accumulated by failure to comply with the law is no argument against the statute, only against disobedience and disregard of it by the judges. Its strict observance has not, and will never make any additional cost to the State or any one else. We hope to see no more violations of its mandates, or evasions of its plain requirements.

This disposes of this question as made in several other cases.

We may add, that in several of the cases no charge of the court is presented at all, showing that no ob-. jection is taken to its correctness by the defendant.

Affirm the judgment.