Duncan *v.* The State.

## ELIJAH DUNCAN *v.* THE STATE.

CRIMINAL LAW.  *Charge of the judge in felony cases to be written and taken out by the jury.*  The act of March 10, 1873, sec. 2, requires the charge of the judge, in felony cases, to be written, and to be taken out by the jury upon their retirement.  In this case the jury, when they retired, failed to take the charge with them :  *Held,* that the act is mandatory, and for this omission of the jury the case will be reversed, and a new trial awarded.

Cases cited: Manier *v.* State, 6 Baxter, 595.

### FROM CARROLL.

Appeal from the Circuit Court.  JAS. D. PORTER, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

HAWKINS & HARRISON and M. D. CARDWELL for defendant.

DEADERICK, J., delivered the opinion of the court.

The plaintiff in error was convicted at the January Term, 1874, of the Circuit Court of Carroll county of murder in the first degree, with mitigating circumstances, and was sentenced by the judgment of the court to confinement in the penententiary for life.  He has appealed in error to this court, and assigns as error, that the charge was not taken out by the jury upon their retirement.  The bill of exceptions shows "that the charge of the court was not given into the

hands of the jurors, nor was it, in any way, delivered to them to be taken to their room, upon their retirement or afterwards."

The act of March 10, 1873, sec. 2, provides, "that on the trial of all felonies every word of the judge's charge shall be reduced to writing before being given to the jury, and no part of it whatever shall be delivered orally in any such case. Every word of the charge shall be written, and read from the writing, which shall be filed with the papers, and the jury shall take it out with them upon their retirement."

In the cases—one at Knoxville and one at Nashville—where the charges had not been delivered in writing, the offenses charged being felonies, we held that the act of 1873 was mandatory, and when the bill of exceptions showed that the charge had in such cases been delivered orally, that it was error, for which this court would reverse.

The act prescribes to the judge, in unmistakably plain terms, his duty, and the mode in which it shall be performed. The 3d section of the act, in terms equally clear, declares the intention of the Legislature to be "to prohibit judges, wholly, from making oral statements to juries in any case involving the liberties and lives of the citizens."

The primary object of the law is to have the charge so delivered that there can be no misunderstanding between the court and counsel as to the instructions given to the jury, and none by the jury. In practice such differences have frequently arisen, and it has sometimes happened that jurors, after concurring

Duncan *v.* The State.

in a verdict, have afterwards sought to have it set aside, upon the plea that the charge of the court was misunderstood.

The act requires the written charge to be filed with the papers, and taken out by the jury "upon their retirement," that they may have present with them the means of settling any controversy that may arise as to what the judge did charge. The law requires in very emphatic language that the charge shall be written and read to the jury, and that they shall take it out with them. The terms of the exception show with sufficient certainty that the jury did retire after the charge was delivered, and that the written charge was not taken out by them.

If they had delivered their verdict without retiring from their seats, the act would not have applied, as the reason or necessity for it would not have existed.

It is true that the presumption of law is in favor of the regularity of the acts of the Circuit Judge, but where a plain mandatory statute has not been obeyed, and the bill of exceptions shows that fact, we have no authority to say such disregard of the direction of the statute is excusable, and in effect nullify the provisions of the act.

We hold that the failure to require the jury to take out with them in their retirement the written charge was erroneous.

Reverse the judgment.