Frady *v.* The State.

KNOXVILLE, . . . SEPTEMBER TERM, 1875.

### JOSEPH FRADY *v.* THE STATE.

1. CRIMINAL LAW. *Jury. Remarks to by judge after charge. Not improper. When.* Two days after he had given his charge to the jury, upon their coming into court and announcing that they could not agree, the judge stated to them that "some twelve men had to settle the matter; that the verdict should be rendered if they could do so without violating their conscience, and under the oath they had taken." This was not error.

2. SAME. *Evidence.* Where a father was killed by the defendant in an altercation about some indignity offered his little son by the prisoner, it was error to permit the mother's testimony, "that the child told her defendant choked him," unless such declaration was made in the presence of defendant, or heard by him under circumstances that would likely lead to a contradiction by him if not true.

3. SAME. *Same.* It was legitimate for defendant to show what the manner of deceased was when advancing upon him, whether it was threatening or conciliatory, whether he was armed or unarmed.

FROM KNOX.

Appeal from the Criminal Court. M. L. HALL, Judge.

T. A. R. NELSON for plaintiff.

No counsel marked for the State.

DEADERICK, J., delivered the opinion of the court.

Frady was convicted of voluntary manslaughter at the May term, 1875, of the criminal court at Knoxville, and sentenced to ten years imprisonment in the penitentiary.

He has appealed in error to this court.

The judge of the criminal court, two days after he had given his charge, upon their return into court and announcing that they could not agree, stated to the jury that "some twelve men had to settle the matter; that a verdict should be rendered if they could do so without violating their conscience, and under the oath they had taken." After these remarks were made, the jury retired, and in a few minutes returned with a verdict of guilty, etc.

It is urged that it was error in the judge thus to address the jury, because it was improper influence exerted upon them to produce an agreement, and because, also, in violation of the statute requiring "every word of the judge's charge" in a felony case to be reduced to writing.

We do not think there is anything in the objection made. No improper motives for an agreement were appealed to. The jury were simply told that it was desirable they should agree, if they could conscientiously do so. These remarks were not a part of the instructions of the court to the jury. They were not designed to instruct them in any question of

Frady v. The State.

law arising in the case, and were not a part of the charge. The purpose of the statute was to require the judge to give written instructions upon all the legal questions arising in the case, but not to prevent that necessary and indispensible intercourse between judge and jury in the progress of the trial being had verbally which relates to their conduct or action in other particulars than in regard to the rules of law by which they should be governed in rendering their verdict.

All that relates to the principles of law by which they shall be governed in arriving at and rendering their virdict—the instructions of the court to the jury—should be in writing. All other proper communications by the court to them may be verbally made.

It is the instructions of the court upon the law of the case that constitutes his charge.

White, the deceased, lived in the adjoining room of the same house with Frady. The house belonged to White. White's son, thirteen years old, came to the door of Frady's room and attempted to enter. Frady shut the door upon him, and he went off crying. White came into Frady's room and, angrily cursing Frady, said, " he did not allow any one to run over his children in his own house." Frady apologized, saying, " he did not know it was White's son at the door or he would have let him in." After some further angry words by White he turned to go out, and Frady said, if he " did not like his way to come on." White then turned and, with his sleeves rolled up, advanced toward Frady, when the latter

fired a pistol, and White fell dead. The ball entered the left cheek.

Mrs. White testified that Frady was on the porch and choked the boy. Other witnesses contradict this statement, and say that Frady was not out of the house at all.

Mrs. White was allowed, also, to state that the boy told her, while on the porch, that Frady had pushed him out of the door and choked him, and that Frady was in his room, with the door open, and that she did not know whether he heard what the boy told her. This was objected to by defendant, but was admitted.

Such declaration—unless in the presence of defendant, or heard by him under such circumstances as would likely lead to a contradiction by him if not true—ought not to be admitted.

Whether it was heard does not appear. Other persons who were in the house with Frady did not hear it, and it ought not to have been admitted, unless it was shown by direct evidence, or satisfactorily appears from circumstances, that he did hear.

We do not think it thus appears that Frady heard what Mrs. White said the boy told her, and it ought to have been excluded, as it was calculated to prejudice the jury against defendant.

Mrs. White first stated that when she saw defendant on the porch he had his hand on her son's shoulder, and looked like he was choking, and in this connection said her son told her he had pushed him out of the house and choked him. Subsequently,

Mrs. White said, when she saw defendant on the porch he was choking her son.　Immediately preceding the shooting White advanced upon defendant.

Defendant's counsel asked a witness who was present what White's manner was at the time he was advancing on the defendant.　This was objected to by the State and excluded.

It was legitimate for the defendant to show what the manner of deceased was when advancing upon him— whether it was threatening or conciliatory; whether he was armed or unarmed.

The evidence ought to have been admitted.

For the errors indicated the judgment must be reversed, and a new trial granted.