JOE MUNSON *v.* THE STATE.

(*Jackson*, April Term, 1919.)

1. **CRIMINAL LAW. Reversal. Technical error. Constitutional rights.**

Notwithstanding Shannon's Code, section 6351a1, forbidding reversal except for error affecting the merits, there may be such violation or disregard of some constitutional right of the accused not affecting the merits that would induce the court to order a new trial. (*Post, pp.* 524, 525.)

Acts cited and construed: Acts 1911, ch. 32.

Cases cited and approved: Manier v. State, 65 Tenn., 602; Newman v. State, 65 Tenn., 164; Huddleston v. State, 60 Tenn., 110; State v. Missio, 105 Tenn., 219; Elijah Duncan v. State, 66 Tenn., 387; Harness v. State, 126 Tenn., 365; Hamblin v. State, 126 Tenn., 394; Lauter-Lee v. State, 132 Tenn., 655.

Codes cited and construed: Sec. 7186 (T.-S.); Sec. 6351a1(S.).

2. **CRIMINAL LAW. Reversal. Technical error.**

Where evidence sustained conviction of voluntary manslaughter, court's action in orally charging that jury was not concerned with fixing punishment since punishment was fixed by law, in violation of Thompson's Shannon's Code, section 7186, requiring instructions to be in writing, was not reversible error, under section 6351a1, being mere technical error which did not affect judgment, and being correct statement of law under sections 4604, 4645, 7210a9, and 7210a10. (*Post, pp.* 525, 526.)

3. **CRIMINAL LAW. Written instructions. Felony cases.**

The practice of orally charging juries in felony cases is not to be encouraged, and trial judges should in every case reduce their charges to writing. (*Post, p.* 526.)

4. **CRIMINAL LAW. Appeal. Harmless error. Validity of statute.**

Acts 1911, chapter 32 (Shannon's Code, section 6351a1), forbidding reversal except for error affecting the merits, is valid. (*Post. p.* 526.)

FROM SHELBY.

Appeal from the Criminal Court of Shelby County. —Hon. W. P. BIGGS, Special Judge.

W. B. ROSENFIELD, for plaintiff.

CHARLES L. CORNELIUS, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

Munson was convicted in the criminal court of Shelby county of voluntary manslaughter, and has appealed. There is an agreement in the bill of exceptions that the conviction was warranted by the facts, and that the proceedings were regular, except that the presiding judge made a statement to the jury which was not in writing. This oral statement forms the basis of the only assignment of error.

In his regular charge, which was in writing, the judge told the jury, in substance, that, if they convicted the defendant of voluntary manslaughter, they would fix his punishment at confinement in the penitentiary from two to ten years. After the case was given to the jury and after they had considered of their verdict, they returned, and a member of the jury requested further instructions upon this point. The judge then stated to them orally that they had nothing to do with fixing the punishment of defendant, if they found

him guilty of manslaughter; that his punishment was fixed by the law. Later the jury returned a verdict of guilty of manslaughter.

The statute provides as follows:

"On the trial of all felonies, every word of the judge's charge shall be reduced to writing before given to the jury, and no part of it whatever shall be delivered orally in any such case, but shall be delivered wholly in writing. Every word of the charge shall be written, and read from the writing, which shall be filed with the papers, and the jury shall take it out with them upon their retirement." Thompson-Shannon's Code, section 7186.

This statute has been construed by this court to be an imperative direction to the courts to reduce to writing every word of their charge to the jury in all felony cases. *Manier* v. *State,* 6 Baxt., 602; *Newman* v. *State,* 6 Baxt., 164; *Huddleston* v. *State,* 1 Baxt., 110; *State* v. *Missio,* 105 Tenn., 219, 58 S. W., 216; *Elijah Duncan* v. *State,* 7 Baxt., 387.

These cases show that this court has strictly construed the statute, and has required a strict compliance with its terms. But since the foregoing cases were decided, the legislature has enacted chapter 32, Acts of 1911 (Shannon's Code, section 6351a1). This statute forbids a reversal of any case coming to this court for any error in any part of the procedure below unless this court is of opinion, after an examination of the entire record, that the error complained of affected the merits. The statute has been construed in a number of cases, among which are *Harness* v. *State,* 126 Tenn., 365, 149 S. W., 911, *Hamblin* v. *State,* 126 Tenn.;

394, 150 S. W., 89 and *Lauter-Lee* v. *State*, 132 Tenn., 655, 179 S. W., 145, L. R. A. 1916B, 963. It was declared in all those cases, as well as others, that the merits of a criminal case is the guilt or innocence of the accused. Of course, there may be such violation or disregard of some constitutional right of the accused, not affecting the merits, that would induce the court to order a new trial; but it is difficult to see how one who is guilty of the offense of which he has been convicted can justly complain at errors in procedure which had no direct or remote relation to the judgment rendered against them.

In this case the judge had committed error in his original charge by directing the jury to fix the punishment of defendant at from two to ten years, if they convicted him of voluntary manslaughter. A disagreement arose among the jurors as to their duty in this respect, and one of them, in the presence of all concerned, asked the judge what was meant in respect to this phase of the case. The judge replied orally that the jury had nothing to do with fixing the punishment in the event they convicted defendant of voluntary manslaughter, because the law fixed it at confinement in the penitentiary from two to ten years. Thompson-Shannon's Code, 4604, 4645, 7210a9, 7210a10.

Plaintiff in error cannot complain at the fact that the judge may have induced the jury to agree upon their verdict, because it is agreed by plaintiff in error that the verdict is warranted by the facts. The last statement to the jury was a correct statement of the law, and the error consists, not in the substance of what the judge said orally, but in the way which it was

said. Therefore a reversal of the case would be upon a bare technicality, which did not affect the merits and did not injuriously affect the plaintiff in error by inducing the jury to agree upon a verdict.

The practice of orally charging juries in felony cases is not to be encouraged, and trial judges should in every case reduce their charges to writing. Chapter 32, Acts 1911, supra, is valid and is declaratory of the previous practices of this court in criminal cases. *Harness* v. *State,* supra. But it is conceivable that errors might be committed, notwithstanding the act, for which a reversal would have to be had. But under the facts of this case we are compelled by the act to affirm it.

Affirmed.