ADCOCK *v.* STATE.

*(Nashville,* December Term, 1950.)

Opinion filed January 17, 1949.

Designated for Publication February 12, 1951.

JAMES W. DEMPSTER and C. E. HASTON, both of Mc-Minnville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

688

See also 236 S. W. (2d) 89.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the Circuit Court of DeKalb County, Defendant was convicted of murder in the second degree. He has appealed and assigned errors.

We will not discuss the facts of the case as we find it necessary to reverse and remand on a point of law.

By the second assignment of error it is insisted that reversible error was committed on the trial by the manner in which the jury was given the charge of the Trial Judge. At the request of the Judge, counsel for the State and the Defendant agreed to waive the mandatory provision of the statute, Code Section 11749, requiring every word of the charge to be in writing. Such waiver was legal and did not constitute reversible error, *Humphreys* v. *State,* 166 Tenn. 523, 64 S. W. (2d) 5, but the practice of waiving the written charge has been strongly disapproved by this Court. *State* v. *Bungardner,* 66 Tenn. 163; *Humphreys* v. *State,* supra. The

necessity for strict observance of the statute and the reduction of every word of the charge to writing has been frequently and strongly stated by this Court in numerous cases, *Newman* v. *State*, 65 Tenn. 164; *Manier* v. *State*, 65 Tenn. 595; *State* v. *Becton*, 66 Tenn. 138; *Duncan* v. *State*, 66 Tenn. 387; *State* v. *Missio*, 105 Tenn. 218, 58 S. W. 216; *Munson* v. *State*, 141 Tenn. 522, 213 S. W. 916.

However, a more serious prejudice to the rights of the Defendant than the giving of an oral charge, is presented by the practice adopted at the trial of this case. After having gained counsel's consent to an oral charge, the learned Trial Judge delivered parts of the charge orally and *ex tempore*, and then read parts of the charge from a typewritten form which contained not only points of law applicable to the present case, but also much that was inapplicable and confusing. In reading from this general form, the Judge read only such parts as were appropriate, but he then handed the jury the entire typewritten form which they took with them and considered in the jury room.

Not only did they thus receive much law that had no application to the facts of this case, but they were also given instruction on many facts which were not in evidence and were contrary to the theory of the Defendant.

The defense of the accused was an alibi. In the charge taken by the jury to the jury room, it was stated over the signature of the Trial Judge, "the Defendant admits that he did the killing, but says that it was done by him in his own necessary self-defense, etc." Then follows an elaborate charge on self-defense. Obviously the statement by the Trial Judge which was in effect, that the Defendant admitted the killing, was highly prejudicial.

Other facts and law which the jury had before them in the jury room, were irrelevant and confusing. We cannot agree with the State that such incorrect statements of fact and irrelevant law were immaterial.

This Court has been compelled so often to reverse for failure of the Trial Judge to charge the law correctly and accurately, that citation of authority is unnecessary. One of the most important functions of the Trial Judge is to select the rules of law which apply to the evidence given in the case on trial, and to state these rules to the jury in clear and simple language. For him to do less is to deny the Defendant a fair trial. We have great sympathy for the difficult and responsible labor of the Trial Judge. But the very importance of his position makes a hint to the jury from him more forceful than a lengthy argument by counsel. It was, no doubt, because of his great influence with the jury that the Legislature passed the statute of 1873, which is now Code Section 11749, as follows: "On the trial of all felonies, every word of the judge's charge shall be reduced to writing before given to the jury, and no part of it whatever shall be delivered orally in any such case, but shall be delivered wholly in writing. Every word of the charge shall be written, and read from the writing, which shall be filed with the papers, and the jury shall take it out with them upon their retirement."

The practice here adopted was a direct violation of the last mandatory provision of this Code section.

Reversed and remanded.

All concur.