PEDIGO *v.* STATE.

(*Nashville,* December Term, 1950.)

Opinion filed January 13, 1951.

JIM CAMP and LUCIUS CAMP, both of Sparta, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

692

See also 236 S. W. (2d) 88.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of murder in the second degree and punishment of 10 years confinement in the State penitentiary.

This is the second appeal of this defendant from a conviction of participation in the killing of Charles Cantrell, and it is the fourth time the Court has reviewed the facts of the crime on appeal by Pedigo and his codefendants, Milburn Adcock and James Brown Jones.

In view of our disposition of the case we will make no review of the evidence. The body of Charles Cantrell was found under a cliff on the bank of Caney Fork River at a remote spot in DeKalb County some six days after he had left his home on December 14, 1947. From the condition of his clothes and body, it was decided by a coroner's jury that he had come to his death by violence. Suspicion fell upon the Defendant Pedigo and his codefendants, Adcock and Jones. All three were convicted for participation in the killing, and Adcock and Jones are now serving terms in the penitentiary after unsuccessful appeals to this Court.

To dispose of the present appeal we find it necessary to consider only two propositions which are the substance of several of the assignments of error:

(1) That the written charge, as it was handed to the jury, was illegible and incomprehensible and wholly failed to comply with the mandatory requirements of Code Section 11749.

(2) That by reason of the failure to comply with the provisions of Code Section 11749, the jury was confused and brought in a verdict which was improper.

A photostat of the charge as it was handed to the jury, convinces us that by reason of incompetent and irrelevant matter, illegible interlineation and meaningless annotation, the charge might as well have been written in a foreign language and could serve no purpose except to confuse the jury. It wholly failed to comply with the mandate of Code Section 11749.

It is a fair, and we think, an inescapable inference, that the jury was confused and not clearly instructed since it brought in a verdict convicting the defendant as an ''accessory'' when neither the indictment nor the evidence supported such a finding. This Court, prior to the present trial which apparently commenced on March 8, 1950, reversed the conviction of a codefendant, Milburn Adcock, for the disregard of the provisions of Code Section 11749, and delivered an opinion on January 17, 1949, 191 Tenn. 687, 236 S. W. (2d) 88, in which our view of the necessity of compliance with that Code section is clearly stated. The views this Court there expressed were entirely disregarded on the present trial, although our opinion in the Adcock case was, if not technically the law of this case, a clear indication to the Trial Judge of what this Court regarded as necessary to give the defendant a fair trial.

Accordingly, for failure to comply with the provisions of Code Section 11749, the judgment is reversed and the

case remanded, and a copy of the former opinion of this Court in the case of *Adcock* v. *State,* 191 Tenn. 687, 236 S. W. (2d) 88, is attached to this opinion for the instruction of the Trial Judge on the next trial.

All concur.