MAGGIE BLACK

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1956.)

Opinion filed December 7. 1956.

HARGRAVES & HARGRAVES and SIMON KASET, Chattanooga, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

16

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The jury being doubtful as to whether Maggie Black was guilty of second degree murder or of voluntary manslaughter requested the Trial Judge to further define "malice." The Trial Judge responded by giving orally further instructions as to the definition of this essential ingredient of second degree murder. The jury again retired, and in a short while came back with a verdict finding defendant guilty of second degree murder. She has appealed and assigns as reversible error the action of the Trial Judge in giving orally the aforementioned further instruction.

The statute carried in the Code at section 40-2516 makes it mandatory in felony cases that every word of the Judge's charge shall be in writing and "no part of it whatever shall be delivered orally in any such case". Time and again, prior to the enactment of the harmless error statute, this Court held that a failure to obey this mandate required a reversal of the conviction. Then came *Munson v. State,* 141 Tenn. 522, 523, 213 S.W. 916, wherein this Court declined to reverse for the giving of an oral instruction because such failure affirmatively appeared to be harmless in that there was an agreement in the case "that the conviction was warranted by the facts".

This case cannot be brought within the harmless error statute, Code Section 27-117, because it affirmatively appears that the oral instruction upon this necessary element of second degree murder did influence the jury in agreeing upon a verdict of second degree murder. The record shows that those jurors who "were in doubt did agree just a short while * * after receiving such oral instruction". One juror affirmatively testifies that this oral instruction was helpful to him in reaching such decision.

Since the case will have to be reversed for the reason stated, it will not be necessary to consider the error assigned with reference to the over-night separation of the jurors.

The judgment will be set aside, a new trial granted, and the cause remanded.