ROBERT McELHANEY, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

420 S.W.2d 643.

(*Nashville,* December Term, 1966.)

Opinion filed November 3, 1967.

H. J. GARRETT and J. STANLEY ROGERS, of counsel, GARRETT, SHIELDS & ROGERS, Manchester, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error. FRED GILLIAM, District Attorney General, Manchester, prosecuted the case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

On September 9, 1966, the plaintiff in error, hereinafter referred to as defendant, was convicted of murder in the second degree and sentenced to serve not more than ten years in the State Penitentiary. The homicide resulted from a two-car automobile accident. Evidence was pre-

sented that the defendant, the driver of one of the cars, was under the influence of alcohol to an advanced degree.

A motion for new trial was filed, argued, and overruled. An appeal has been timely perfected to this Court.

■ The defendant assigns as error, and argues, that the trial judge committed reversible error when he failed to give his written charge to the jury upon their retirement; to be used by them during their deliberation. The record leaves no question but that the charge was merely laid aside after it was read; and it was never given to the jury as it retired to the jury room. The defendant urges that, had the jury had access to the written charge while in the jury room, they would have returned a verdict for one of the lesser offenses embraced in the offense charged, second degree murder. We must concede that this is plausible argument for counsel to make; however, there is obviously inherent in it the element of speculation. The Court has no right to indulge in this.

The defendant's primary contention is one of law and bottomed on the language of T.C.A. sec. 40-2516, which delineates the manner in which the judge's charge to the jury is to be handled in a felony case:

"40-2516. *Charge in writing in felony cases.*—On the trial of all felonies, every word of the judge's charge shall be reduced to writing before given to the jury, and no part of it whatever shall be delivered orally in any such case, but shall be delivered wholly in writing. Every word of the charge shall be written, and read from the writing, which *shall be filed with the papers, and the jury shall take it out with them upon their retirement.*" (Emphasis added).

This Court has held, numerous times, that the provisions of this statute are mandatory in nature. Because of the prevalence and importance of the problem presented in this case, the Court has deemed it proper to make a critical reanalysis of all prior decisions with reference to the above statute.

Throughout all of our cases, there is to be found no semblance of a disposition on the part of the Court to regard any failure to meet the requirements of this statute, respecting the general charge, as anything but reversible error. *Manier v. State* (1872) 65 Tenn. 595; *Newman v. State* (1837) 65 Tenn. 164; *State v. Becton* (1874) 66 Tenn. 138; *State v. Bungardner* (1874) 66 Tenn. 163; *Duncan v. State* (1874) 66 Tenn. 387; *Frady v. State* (1875) 67 Tenn. 349; *State v. Missio* (1900) 105 Tenn. 218, 58 S.W. 216; *Munson v. State* (1919) 141 Tenn. 522, 213 S.W. 916; *Humphreys v. State* (1933) 166 Tenn. 523, 64 S.W.2d 5; *Adcock v. State* (1951) 191 Tenn. 687, 236 S.W.2d 88; *Pedigo v. State* (1951) 191 Tenn. 691, 236 S.W.2d 89; *Black v. State* (1956) 201 Tenn. 15, 296 S.W.2d 833; *Tomlin v. State* (1960) 207 Tenn. 281, 339 S.W.2d 10; *Taylor v. State* (1963) 212 Tenn. 187, 369 S.W.2d 385; *Gamble v. State* (1964) 215 Tenn. 26, 383 S.W.2d 48; *Keith v. State* (1966) 218 Tenn. 395, 403 S.W.2d 758; *Bolin v. State* (1966) 219 Tenn. 4, 405 S.W. 2d 768.

The early case of *Duncan v. State,* supra, is factually identical to the situation presented on this appeal. There, it was held that the failure to have the jury take the written charge with them for deliberation constituted reversible error. That opinion admirably reflects the importance attached to this statute, both by its framers and by the judiciary:

"The primary object of the law is to have the charge so delivered that there can be no misunderstanding between the court and counsel as to the instructions given to the jury, and none by the jury. In practice such differences have frequently arisen, and it has sometimes happened that jurors, after concurring in a verdict, have afterwards sought to have it set aside, upon the plea that the charge of the court was misunderstood." 66 Tenn. 387, 388-389.

Other early cases similarly noted the importance of the statute to the achievement of a fair trial. In *Manier. v. State,* supra, the purpose, intent, and mandatory nature of the statute are succinctly stated:

"The strict observance of this wholesome statute cannot but be beneficial to the public and to the criminal jurisprudence of the State. It was intended to secure to the prisoner and the State a sound exposition of the law, upon careful thought, and to prevent the evil of repeated retrials, with all their attendant burthens of expense and inconvenience, which have resulted from the errors committed in hasty, extemporaneous charges; and it was also intended to expedite the trial of criminal causes, by putting an end to disputation among the jurors as to what the oral charge was, and their frequent return into court to be recharged on points not remembered or comprehended by all; and it is at last but a necessary provision in order that the jury, who are the props of the law, may the better understand the law." 65 Tenn. 595, 603-604.

The same may be said of the opinion in *State v. Bungardner,* supra:

"It has always been a most serious practical objection to trial by jury, that, being unlearned in the law, un-

familiar with its technical language and its rules, juries are almost of necessity liable to have but an indistinct recollection of what was given them in charge by the court. This difficulty has been met by this statute, and, if complied with, juries may always certainly know and have before them, plainly written out, the rules of law which they are called upon to apply in the particular case.'' 66 Tenn. 163, 165.

The State recognizes that the situation presented on this appeal falls within the well chosen language of T.C.A. sec. 40-2516, but urges that the application of the harmless error statute, T.C.A. secs. 27-116 and 27-117, excuses reversal.

The analysis made of all the cases dealing with T.C.A. sec. 40-2516 reveals that the only case to actually apply the harmless error statute to escape finding reversible error is *Munson v. State,* supra. There, the regular charge was in writing and was given to the jury. The charge stated that if the jury convicted the defendant of voluntary manslaughter, they would fix his punishment at from two to ten years. The jury returned from its deliberation and requested further instructions on this point. The trial judge replied, orally, that the jury had nothing to do with fixing the punishment, because the law fixed it at confinement from two to ten years on a conviction of voluntary manslaughter. On appeal it was argued that this corrective statement had to be in writing. This Court said that any error in this regard would constitute a mere technicality and thus be cured by applying the harmless error statute.

It must be noted here that, in the case at bar, this Court is speaking of the general charge to the jury containing *the rules of law which the jury is called upon to*

*apply in the particular case.* In the case last cited, the Court dealt only with the mechanical format of the verdict which the jury should return.

In every other case in this State in which a violation of T.C.A. sec. 40-2516 was asserted as error, and in which this Court chose to overrule the assignment, the Court has painstakingly pointed out that the statute was not intended to cover the precise situation presented in this case. Those situations, in which the provisions of T.C.A. sec. 40-2516 were found not to be determinative, were (1) where the trial judge gave oral instructions on the required format of the verdict which the jury was to deliver, *Taylor v. State,* supra, *Gamble v. State,* supra; (2) where the trial judge made oral statements during the trial in ruling on evidentiary matters raised by objections from counsel, *State v. Becton,* supra, *Bolin v. State,* supra; and (3) where the trial judge made oral statements to the jury instructing them not to consider matters of parole in formulating their verdict, *Keith v. State,* supra.

Thus, in all of the cases in which this Court has refused to reverse for alleged violation of T.C.A. sec. 40-2516, the subject matter complained of was entirely collateral to the general charge. They were not statements or restatements of the substantial points of law embodied in the general charge as a guide to the jury in the determination of the guilt or innocence of the defendant.

■ We have reached the conclusion that when a violation of T.C.A. sec. 40-2516 appears, the Court must first decide the threshold question of whether the situation presented is one which is properly within the ambit of the language of the statute. Where it is found that the statute encompasses the particular situation disclosed by

the record to have occurred in the trial process, this Court will reverse. This, without regard to any inquiry with respect to the harmless error statute.

■ If the situation in issue is determined to be error outside the limits of this statute, that is, collateral to the general charge of the basic substance of the case, the Court may reverse or affirm, dependent on just how egregious the error may be regarded. It is in these situations that the harmless error statute may be utilized, where appropriate.

■ In the case now before us, the jury was not provided with the written charge when they retired, nor was it given them at any time during their deliberation. The situation thus presented falls directly within the mandate of the last clause of T.C.A. sec. 40-2516.

■ It is suggested by the State that the defendant waived his rights under T.C.A. sec. 40-2516 by failing to advise the trial judge that the jury did not have the written charge in their possession. At the bar of this Court, defendant's counsel stated that they never knew, nor had any way of knowing, that the jury was not in possession of the written charge. In the case of *Humphreys v. State,* supra, cited and relied upon by the State, the holding of the Court is that the rights under the statute were not waived in that case—though it was attempted. We do not hold that the provisions of this statute are so sacrosanct as to be beyond the reach of a proper waiver. However, from time immemorial in the jurisprudence of this State, waiver has been defined and applied as expounded in *Masson v. Anderson* (1873) 62 Tenn. 290:

"The abandonment or waiver of a right important to parties cannot be made out by uncertain implication,

but ought clearly to appear. To constitute such a waiver of a benefit, there must be a clear, unequivocal, and decisive act of the party, an act which shows a determination not to have the benefit intended.'' 62 Tenn. 290, 304.

No knowing waiver by the defendant of this statutory right involved in the present case can, in any wise, be derived from this record.

The duty of assuring that the charge is submitted to the jury and taken out with them upon their retirement is committed to only one man—the trial judge. The trial judge in this case has not performed that duty.

The judgment herein is therefore reversed and the case remanded for a new trial.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.