JIMMY WILSON, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.—472 S.W.2d 235

July 6, 1971.

Certiorari Denied by Supreme Court September 20, 1971.

Arthur B. Goddard, Maryville, for plaintiff in error.

David M. Pack, Attorney General, Weldon B. White, Jr., Assistant Attorney General, Nashville, H. Kenneth Deatherage, District Attorney General, Kingston, for defendant in error.

DWYER, J.  A judgment was imposed in the Criminal Court of Blount County on the plaintiff in error for committing the offense of burglary in the third degree with punishment of confinement for not less than three nor more than five years.

A woman, hearing glass being broken out of a grocery store around midnight on July 23, 1970 in Minter, looked out her bedroom window and saw persons going in and out of the store. There was a car parked in front. She called the sheriff. When the squad car pulled into the lot one of the parties jumped into the car and sped away. The other two fled afoot and were pursued, with the defendant being apprehended when he tripped and fell. The other made good his escape. The defendant was returned to the store where deputies noticed the glass in the front door had been broken out.  There were cartons of cigarettes strewn about in front of the store with testimony developing that these cigarettes had been on the hood of the car. The driver of the car was apprehended

some hours later in Knox County in an inebriated condition. The defendant in the case at bar from testimony was also inebriated. The defendant offered no proof.

Through court-appointed counsel there are two assignments of error.

██ His first contention is that the evidence does not sustain the verdict. He cites no authority to sustain his contention other than the factual situation developed at the trial. In substance, he states no one saw defendant in the store, no one found any of the cigarettes on the defendant, and there is no proof connecting defendant with the car or the burglary. In this record the officers testified that upon pulling into the lot they saw the car with the cigarettes on the hood. There were three persons about the car. One jumped into the car and fled. The other two fled afoot. The officers pursued the fleeing pair. When defendant tripped and fell he was taken into custody. The other made good his escape. The neighbor who reported the burglary saw persons going in and out of the store and the automobile parked in front. She called the sheriff. The officers responded, within minutes apprehending defendant, who was fleeing. These enumerated proven facts and circumstances developed, as we view this record, are sufficient for a jury to infer that the defendant was one of the persons seen by the neighbor going in and out of the store. It is a very rare occurrence indeed when a burglary may be proven by direct evidence. The court in this record charged the jury properly and correctly the law on circumstantial evidence. In determining the sufficiency of circumstantial evidence the

following may be found in Wharton's Criminal Evidence, Vol. 3, p. 473, sec. 980:

" * * * (1) all the essential facts must be consistent with the hypothesis of guilt, as that is to be compared with all the facts proved; (2) the facts must exclude every other reasonable theory or hypothesis except that of guilt; and (3) the facts must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that the accused is the one who committed the offense."

The facts and circumstances proven in this record, as we view it, justify a jury to conclude that the defendant was one of the burglars. The assignment is overruled.

He next contends that the court erred in preliminarily orally instructing the jury the applicable law prior to any testimony. The record reflects that the court orally instructed the jury the law on the offense, that is, burglary in the third degree, prior to any testimony. He further instructed the jury that the defendants were presumed innocent, and on the question of proof necessary to convict. He closed his instructions with the statement that they would fully instruct on the law at the conclusion of the case. He told the jury he was doing this so that they would have some idea of what was involved. There was no objection nor exception made nor taken to the court's preliminary instructions. The defendant relies upon McElhaney v. State, 220 Tenn. 532, 536, 420 S.W.2d 643, to support his contention that this action of the trial court was violative of T.C.A. 40-2516. In that opinion the following language may be found, quoting from State v. Bungardner, (1874) 66 Tenn. 163:

"It has always been a most serious practical objection to trial by jury, that, being unlearned in the law, unfamiliar with its technical language and its rules, juries are almost of necessity liable to have but an indistinct recollection of what was given them in charge by the court. This difficulty has been met by this statute, and, if complied with, juries may always certainly know and have before them, plainly written out, the rules of law which they are called upon to apply in the particular case."

In the case at bar the court properly instructed the jury as commanded by T.C.A. 40-2516 at the conclusion of the proof. His proper written charge covered completely the gratuitous oral instructions he made prior to testimony. The jury was not in any way misled or confused, as we view it, by the oral statements of the court. In substance, we do not find from this record that there has been by this action of the court a violation of the intent of T.C.A. 40-2516. The assignment is overruled.

The judgment of the trial court is affirmed.

We thank court-appointed counsel for ably representing indigent accused.

Walker, P.J., and Russell, J., concur.