**Ectlis L. LAWHON, alias, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 10, 1975.

Certiorari Denied by Supreme Court March 8, 1976.

William H. Russell, James H. Simpson, Arnold, Winfrey, McMurray & Russell, Loudon, for appellant.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, John C. Crawford, III, Asst. Dist. Atty. Gen., Maryville, Charles E. Hawk, Asst. Dist. Atty. Gen., Kingston, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant was convicted of armed robbery and sentenced to ten years in the penitentiary. The sole issue raised on appeal is whether or not the provisions of T.C.A. Sec. 40–2516 require as a matter of law that the jury have in their possession at all times during deliberation a complete written copy of the judge's instructions.

In this case, the trial judge read a prepared written charge to the jury which was delivered to them when they retired to their deliberations. After approximately three hours the jury made a written inquiry to the court in regard to the punishment for the offense of armed robbery. The jury was returned to the courtroom where clarifying instructions in reference to penalty were reiterated by the trial judge. The jury then retired for further deliberations. Through inadvertence the main portion of the charge was left in the courtroom. The two pages on which they had inquired were taken with them to the jury room. In a very few minutes they returned to announce they found the defendant guilty of armed robbery and fixed his punishment at ten years in the penitentiary.

Neither counsel nor the court have found a case directly on point. In our research, the case of *Munson v. State,* 141 Tenn. 522, 213 S.W. 916, seems to strike closest to the heart of the problem which confronts us. In that case, the judge, in his regular charge, which was in writing, instructed the jury that if they convicted the defendant of voluntary manslaughter, they would fix his punishment at confinement in the penitentiary from two to ten years. After the case was given to the jury and after they had considered their verdict, they returned, and a member of the jury requested further instructions upon this point. The judge then stated to them orally that they had nothing to do with fixing the punishment of defendant, if they found him guilty of manslaughter; that his punishment was fixed by the law. Later the jury returned a verdict of guilty of manslaughter. Our Supreme Court found that the trial judge had committed error in his original charge by directing the jury to fix the punishment of defendant at from two to ten years, if they convicted him of voluntary manslaughter. The court said that the trial judge had orally given the jury a correct statement of law on punishment, and that the error consisted, not in the substance of what the judge said orally, but the way in which it was said. They declined to reverse the case on what was categorized as a bare techni-

cality which did not affect the merits, and did not injuriously affect the defendant by inducing the jury to agree upon a verdict.

■ We hold that the sense of the decision in Munson governs the fact of the case at bar. In this case the jury had obviously concluded their deliberations on the substance of the case, that is the guilt or innocence of the defendant. They had considered the evidence and had found him guilty of armed robbery which left nothing more for them to do than to fix the penalty. They made inquiry from the trial judge about the applicable penalty for the offense which they had decided defendant had committed. When they returned to their deliberations they carried with them to the jury room, the written instructions necessary to enable them to fix a penalty commensurate with the offense, in accordance with the applicable law. As it is succinctly stated in *McElhaney v. State,* 220 Tenn. 532, 420 S.W.2d 643, when a violation of T.C.A. Sec. 40–2516 appears, the threshold question is whether the situation presented is one which is properly within the ambit of the language of the statute. If the situation in issue is determined to be error outside the limits of the statute, that is, collateral to the general charge of the basic substance of the case, the Court may reverse or affirm, depending on the nature of the error, and in such a situation the harmless error statute (T.C.A. Sec. 27–117), may be utilized, where appropriate.

The defendant received the minimum sentence in this case for the offense the jury determined he had committed. He has failed to show he was prejudiced in any manner by the events which occurred in the trial court. It would be improper for us to reverse unless prejudice resulted from the error claimed.

The judgment of the trial court is affirmed.

WALKER, P. J., and FRED GILLIAM, Special Judge, concur.