STATE of Tennessee, Appellee,

v.

**Lloyd B. GORMAN, Appellant.**

Supreme Court of Tennessee.

March 8, 1982.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, for appellee.

Jim W. Stambaugh, Morristown, for appellant.

OPINION

FONES, Justice.

The sole question on appeal before this Court concerns the effect of oral instructions to the jury made prior to the submission of the written charge. It was error for the trial judge to violate the requirements of T.R.Cr.P. 30(c) in failing to submit "every word" of his charge to the jury in written form. Even though error was committed, T.R.A.P. 36(b) provides that a final judgment will not be set aside unless that error more probably than not affected the judgment. Thus, the scope of our review will be to determine whether this error may be considered harmless.

■ Defendant was convicted of several different counts for selling Schedule II, III and IV controlled substances. At the conclusion of all the evidence, the trial judge prefaced the reading of the written instructions with seven pages of preliminary remarks. After a careful comparison of the preliminary remarks and the written charge we are in agreement with the following portions of the Court of Criminal Appeals' opinion:

"The trial judge made a significant oral commentary to the jury immediately prior to the written charge. This commentary covered various subjects: the function of the judge, the duty of the jury, the nature and number of the cases on trial and the necessity for a unanimous verdict as to each defendant, as to each indictment, and as to each count; the method of reporting a verdict; the enhancement of punishment, if applicable; an explanation of the indeterminate sentence law.

. . . .

The written charge was an exhaustive dissertation. It covered in a substantial way each oral instruction; indeed, appellant does not contend otherwise. His complaint is that the instructions were delivered orally, not that they were erroneous or not thereafter included in the written charge."

We do not agree with the Court of Criminal Appeals' statement that admonition, explanation, curative instructions and the like are "jury instructions" whenever or

at what stage of the trial made, and thus, that a literal compliance with the requirement that each word be reduced to writing, "would be unrealistic if not impossible." The rule applies to the instructions given at the conclusion of the trial.

We reaffirm the statement in *McElhaney v. State,* 220 Tenn. 532, 420 S.W.2d 643 (1967) that the requirement is mandatory. When all of the testimony has been presented and the argument of counsel concluded it is then the trial judge's duty to instruct the jury and it is the mandatory law of this State that every word of the judge's instructions is to be reduced to writing before being given to the jury. T.R. Cr.P. 30(c). Extemporaneous statements at that time, no matter how accurate, are prohibited. We think it is inappropriate for the appellate courts to preside over the creation of a body of "harmless error law" revolving around the issue of failure of trial judges to restrain themselves from making oral remarks at a time when it is the obligation of the trial judge to deliver to the jury "every word" in writing. The orderly administration of criminal justice demands adherence to this requirement or its withdrawal from the operation of the harmless error rule, that prevails today.

The result is that in this instance, the error will be adjudged harmless, the conviction and the judgment of the Court of Criminal Appeals affirmed.

HARBISON, C. J., and COOPER, BROCK, DROWOTA, JJ., concur.