IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9605-CC-00187 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| | ) | |
| v. | ) | HON. HENRY DENMARK BELL, |
| | ) | JUDGE |
| TYREE P. AUSTIN, | ) | |
| | ) | (Aggravated Burglary and Theft |
| Appellant. | ) | Under $500) |

FOR THE APPELLANT:

JOHN H. HENDERSON
Public Defender
P.O. Box 68
Franklin, Tennessee 37065-0068

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

RUTH THOMPSON
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

JOSEPH D. BAUGH
District Attorney General

MARK L. PURYEAR, III
Assistant District Attorney
P.O. Box 937
Franklin, Tennessee 37065-0937

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## OPINION

The defendant, Tyree P. Austin, appeals as of right from a jury verdict convicting him of aggravated burglary, a Class C felony, and theft of property under $500, a Class A misdemeanor. As a Range I standard offender, he was sentenced to five (5) years and fined $5,000 for aggravated burglary. For theft of property under $500, Austin received eleven months and twenty-nine days to run concurrently with the burglary sentence. Austin presents three issues for our review: 1) whether the evidence is sufficient to sustain the convictions; 2) whether the trial judge erred in failing to submit "every word" of the charge to the jury in written form; and 3) whether the imposed sentence is excessive. Finding no error, the judgment of the trial court is affirmed.

## FACTS

At 1:00 p.m. on October 11, 1994, Rachel P. Carter left her home in Williamson County to attend a funeral. At approximately 3:30 p.m., Carter returned home and noticed that the rear door had been forced open. Carter subsequently discovered that a television set and a microwave oven had been taken from her home. Because the television was fairly new, Carter was able to give the officers the serial number for it.

Deborah Henderson, a pawnbroker and custodian of the records for Cash America Pawn Shop, subsequently identified a pawn ticket with Austin's signature and detailed information describing Austin as the individual who pawned a television with the matching serial number. The pawn ticket indicated the transaction took place at 2:52 p.m. on the date of the burglary.

At trial, Austin admitted to pawning the television, but stated that he did not know it was stolen. He testified that another individual, Tommy Arendale, telephoned him at 9:00 a.m. on October 11, 1994, and told him that he had

something he might want. Austin stated a Steve Jones took him to meet Arendale where Austin bought the television for $20. He also testified he did not know the whereabouts of either Arendale or Jones.

## SUFFICIENCY OF THE EVIDENCE

Austin argues the evidence is insufficient to sustain the convictions of aggravated burglary and theft of property valued under $500. Specifically, Austin contends that there was no proof that he (1) entered the Carter residence, or (2) exercised control over the television in Williamson County. Tenn. Code Ann. §§ 39-14-403; 39-14-103.

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Id. at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

At trial, Ms. Carter testified that she did not leave her home until 1:00 p.m. to attend a funeral. At approximately 3:30 p.m., she returned home to find the rear door had been forced open. She later discovered her television and microwave had been taken. A pawn ticket from Cash America indicated that Carter's television had

been pawned by Austin at 2:52 p.m. on the same day of the burglary.

Austin denied stealing the television or having any knowledge that it was stolen, but admits pawning it. He testified that he was responding to a 9:00 a.m. phone call from a Tommy Arendale. He maintained that on the morning of the burglary, Arendale telephoned him about "something he might want." He did not know what time he met with Arendale or his present whereabouts. There was also proof indicating that Austin resided only a few miles away from the Carter residence.

According to Austin's testimony the burglary would have to have occurred on the morning of or prior to October 11, 1994. Ms. Carter testified that she did not leave her home, nor were the items missing until at least 1:00 p.m. on that same day. Regardless, it is undisputed that Austin pawned the television less than two hours after it had been stolen. Possession of recently stolen goods may give rise to an inference that the possessor had stolen them. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). It is also sufficient evidence to sustain a burglary conviction. Id. Based upon this and the other evidence, the jury accredited the testimony of the victim, Ms. Carter, discredited that of Austin, and returned guilty verdicts on both charges. There was sufficient evidence to sustain the convictions of aggravated burglary and theft of property under $500. This issue is without merit.

## JURY INSTRUCTIONS

Austin argues that the trial judge erred in failing to submit "every word" of his charge to the jury in written form. He contends the trial court erred by giving a supplemental oral jury charge relating to venue.

After all of the testimony has been presented and the argument of counsel concluded, it is the trial judge's duty to instruct the jury. Furthermore, in a felony case every word of the judge's instructions shall be reduced to writing before being given to the jury. Tenn. R. Crim. P. 30(c); State v. Gorman, 628 S.W.2d 739 (Tenn. 1982). However, a failure to present written instructions is subject to harmless error

4

analysis.  <u>See</u> <u>Gorman</u>, 628 S.W.2d at 740.

The record in this case was supplied in video-cassette and technical record form.  There were over twenty (20) pages of jury instructions that were submitted to the jury.  The trial judge gave the following oral comments in addition to a standard venue instruction:

> And if the preponderance of the evidence proves that
> the crime was committed in two or more counties, then
> he can be prosecuted in any one of those counties, but
> not more than one.

Defense counsel timely objected to the supplemental instruction indicating that the oral instruction was inconsistent with the defense theory of the case and further stating that he thought that the instruction "had to be in writing."  Most of the defense proof throughout trial was directed at showing that Austin did not exercise control over the stolen property in Williamson County.  The trial judge declined to reduce the instruction to writing noting that it only applied to the misdemeanor theft charge.

The trial court was technically correct in finding that this oral instruction only applied to the misdemeanor and was not required to be in writing.  <u>See</u> Tenn. R. Crim. P. 30 (c).  However, the practice of giving oral instructions applicable to misdemeanor charges and written instructions applicable to felony charges, in the same case, is discouraged and could be confusing to a jury.  In this case the jury obviously concluded the defendant committed the burglary and taking of the property in Williamson County.  Therefore, the trial judge's limited oral comments to the jury were not prejudicial to Austin.  The error was harmless. This issue is without merit.

**LENGTH OF SENTENCE**

Austin next argues that his sentence is excessive.  Specifically, he contends that the trial court erred in sentencing him to five years for aggravated burglary, and that a four year sentence is more appropriate.

5

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(1990). The presumption of correctness which attaches to the trial court's action is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Accordingly, the defendant has the burden of showing that the sentence is improper. State v. Holland, 860 S.W.2d 53 (Tenn. Crim. App. 1993).

In calculating the sentence for Class B, C, D, or E felony convictions, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210 (c)(1990); State v. Smith, 926 S.W.2d 267 (Tenn. Crim. App. 1995). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d)(1990). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e)(1990). The sentence may then be reduced within the range by any weight assigned to the mitigating factors. Id.

As a Range I standard offender convicted of a Class C felony, Austin could receive a sentence between three and six years. Austin had a prior conviction for first degree burglary for which his parole had been revoked. There was also proof indicating that Austin had several misdemeanor convictions, including one for theft. The trial court, accordingly, enhanced Austin's sentence based on his previous history of criminal convictions and criminal behavior and unwillingness to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(1), (8)(1990).

In addition, the trial court found two mitigating factors: 1) that the defendant had a favorable work history; and 2) that the conduct did not cause or threaten

6

serious bodily injury. In light of Austin's criminal history, the court had discretion to give these mitigating factors little weight. See State v. Santiago, 914 S.W.2d 116, 126 (Tenn. Crim. App. 1995). The record supports the five-year sentence imposed by the trial court. This issue is without merit.

The judgment of the trial court is AFFIRMED.


_____
JOE G. RILEY, JUDGE




CONCUR:




_____
JOSEPH M. TIPTON, JUDGE




_____
THOMAS T. WOODALL, JUDGE