## TAYLOR NEWMAN v. THE STATE.

CRIMINAL LAW. *Charge of court in all felony cases.* It is error for the Judge, under the act of March 22, 1873, to fail to reduce his charge to the jury to writing in all felony cases.

### FROM M'MINN.

Appeal from the Circuit Court.    JOHN. B. HOYL, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

The plaintiff in error was convicted at the April term, 1873, of the Circuit Court of McMinn County, of petit larceny, and sentenced to one year's imprisonment in the penitentiary of the State. A new trial being refused, he has appealed in error to this court.

The bill of exceptions sets out the evidence, and it is insisted that it does not sustain the verdict.

As the judgment must be reversed upon another ground and the cause be again tried by a jury, we refrain from the expression of any opinion upon this objection.

The record shows that the charge of the court was orally delivered to the jury, no part of it having been delivered in writing. It also shows that the court was not requested by counsel on either side to deliver his charge in writing. It also shows that the Judge

presiding had not seen the act of March 10, 1873, and approved March 22, 1873, which requires the Judge's charge in every felony case to be in writing. This act, by its 4th section, is made to take effect from and after its passage, so that it was in full force and effect at the time of the trial of this case.

By the 2d section of the act, it is provided, " That on the trial of all felonies every word of the Judge's charge shall be reduced to writing before given to the jury, and no part of it whatever shall be delivered orally in any such case, but shall be delivered wholly in writing. Every word of the charge shall be written and read from the writing, which shall be filed with the papers, and the jury shall take it out with them upon their retirement."

It would seem that these imperative and several times repeated declarations of the legislative will in the 2d section, that no verbal or oral charge should be given to a jury in a case of felony, were explicit and plain enough to be understood. But that there might be no room for misconception or evasion, the third section provides, if the attorney on either side desires further instructions to the jury, he shall state precisely what he desires the Judge to say, and the Judge shall write his propositions and read the same to the jury, without one word of oral comment, it being intended to prohibit judges wholly from making oral statements to juries in any case involving the liberties and lives of the citizens: Acts 1873, p. 88.

It is impossible to misunderstand the plain and imperative provisions of this statute, the first section

of which defines felonies to be all violations of law punishable by the death penalty or imprisonment in. the penitentiary; and all violations of law punishable by fine or imprisonment, or both, are defined to be misdemeanors.

. The provisions of the statute are not directory merely, but imperative upon the courts, and must be observed, and the failure or omission to charge the jury in the mode prescribed is erroneous.

For the omission to charge as required in this case, the judgement of the Circuit Court must be reversed.