ANNIE WEBB *et al. v.* THE STATE.

(*Jackson.* April Term, 1918.)

1 **CRIMINAL LAW. Instructions. Requests. Circumstantial evidence.**

In prosecution for murder, where the only incriminating evidence is circumstantial, it is fundamental error to fail to instruct on the nature of circumstantial evidence and the general rules of law governing it, though the defendant tenders no special request. (*Post, p.* 206.)

2. **CRIMINAL LAW. Evidence. "Circumstantial evidence."**

Circumstantial evidence differs from direct evidence and consists of proof of collateral facts and circumstances from which the existence of the main fact may be deduced according to reason and common experience of mankind. (*Post, pp.* 206, 207.)

Cases cited and approved: Frazier v. State, 117 Tenn., 430; Smith v. State, 2 Tenn. Cas., 621; Barnards v. State, 88 Tenn., 183.

---

FROM GIBSON.

---

Appeal from the Circuit Court of Gibson County. —HON. THOS. E. HARWOOD, Judge.

L. H. TYREE, W. W. HERRON and CLARK & LANDRUM, for appellants.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

Mr. Justice Williams delivered the opinion of the Court.

' In the prosecution of a murder case, where the only incriminating evidence against the accused is circumstantial, is it reversible error for the' trial judge to fail to instruct the jury upon the nature of circumstantial evidence and upon the general rules of law governing it, no special request being tendered by defendant?    Yes.

Principle:   In such a case the main fact—the *factum probandum*—is the fatal stroke, and if there be no direct testimony connecting the accused with the main fact, as the slayer, and the sole evidence is circumstantial, it is error not to instruct the jury as to the rules applicable to that kind of evidence. The error is of a class denominated fundamental. It goes essentially to the basis of the accused's theory for defense.

"Circumstantial evidence" differs from direct evidence, and consists of proof of collateral facts and circumstances from which the existence of the main fact may be deduced according to reason and common experience of mankind.   The force and the weight of such proof have well-defined recognition in rules of law, and judges should not deny the accused their safeguard.

Precedent:   As to the fundamental character of such evidence, fair analogy is found in cases involving failure to charge on reasonable doubt, in which

Webb v. State.

event, without request made, there is reversible error. *Frazier* v. *State,* 117 Tenn., 430, 455, 100 S. W., 94.

In *Smith* v. *State,* 2 Tenn. Cas., 621, it was held that in such case if an additional instruction upon circumstantial evidence be requested, it is reversible error to refuse it; and in *Barnards* v. *State,* 88 Tenn., 183, 236, 12 S. W., 431, the rule we declare was recognized; the charge upon the doctrine of reasonable doubt not superseding the necessity of giving to the jury the rules applicable to circumstantial evidence. However, the direct question here involved was not presented in either of those cases; but it has been solved as above indicated by several text-writers and in many decisions. Michie on Homicide, 1398; Underhill Crim. Ev., section 6; 12 Cyc., 633, and cases cited.

Reversed as to appellant Annie Webb, with remand for a new trial.