ROBERT J. BISHOP *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

John C. Robertson, of Memphis, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State, defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant below, Robert J. Bishop, was convicted of larceny and sentenced to three years in the State Prison.

It is insisted that the trial court committed reversible error in failing and refusing to instruct the jury with reference to the law of circumstantial evidence. It is conceded that all evidence offered by the State was circumstantial in its nature, but the State insists that no special

request having been tendered by the defendant or his counsel he cannot now avail himself of this error.

■ Our leading case on this subject is *Webb* v. *State,* 140 Tenn. 205, 203 S. W. 955, 15 A. L. R. 1034. In that case the Court held that in the prosecution of a murder case, where the only incriminating evidence is circumstantial, it is fundamental error to fail to instruct on the nature of circumstantial evidence and the general rules of law governing it, though the defendant tenders no special request. Circumstantial evidence differs from direct evidence and consists of proof of collateral facts and circumstances from which the existence of the main fact may be deduced according to reason and common experience of mankind.

■ As to the fundamental character of such evidence, fair analogy is found in cases involving failure to charge on reasonable doubt, in which event, without request made, there is reversible error. *Frazier* v. *State,* 117 Tenn. 430, 100 S. W. 94; *Barnards* v. *State,* 88 Tenn. 183, 12 S. W. 431.

In such a case the main fact is based on circumstantial evidence, and there is no direct testimony connecting the accused with the fact.

The error complained of is of a class denominated as fundamental and goes, essentially, to the basis of the accused's theory for defense.

In *Smith* v. *State,* 2 Tenn. Cas. 621, it was held that in such case if an additional instruction upon circumstantial evidence be requested, it is reversible error to refuse it.

In *Barnards* v. *State,* 88 Tenn. 183, 12 S. W. 431, the rule recognized the charge upon the doctrine of reasonable doubt not superseding the necessity of giving to the jury the rules applicable to circumstantial evidence.

It was pointed out in the Webb case, supra, that the direct question there involved was failure to charge circumstantial evidence where the evidence in such case was wholly of that character. See Michie on Homicide 1398; 23 C. J. S., Criminal Law, Sec. 1250, p. 809.

However, the State insists that in the Webb case the Court overlooked the holding in the case of *State* v. *Becton,* 66 Tenn. 138, at page 146, wherein the Court said:

"The Judge in this case failed to perform this duty. But can this be assigned as error, no request to charge further having been made?

"The act of 1873, providing for the delivery of charges in criminal cases in writing, by sec. 3 provides: 'If the attorneys on either side desire further instructions given the jury, they shall write precisely what they desire the Judge to say further. In such case the Judge shall reduce his decision on the proposition to writing, and also read the same to the jury, without one word of oral comment, it being intended to prohibit judges wholly from making oral statements to juries in any case involving the liberties and lives of citizens.'

"We have held the first part of the statute to be imperative on the judge, and failure to comply, without express waiver, a ground for reversal. We do not see how we can avoid holding this section to be equally imperative, and that a judge will not be in error in failing to give further instructions than those given in writing, when no request is made in compliance with the express mandate of the statute.

"The language of each section is equally the mandate of the legislative body—the supreme law-making power in the State. Within the scope of the constitutional powers of that body, it may prescribe

whatever rule is deemed best. All, whether citizens, officials or courts, must bow to the mandate.

"In support of this view, we may add, that if proper instructions were asked for verbally, and not as prescribed by the statute, the judge, by the terms of the law, would not be bound to give them, for he is only required to ''reduce his decision on the proposition to writing, and give it to the jury, when precisely what is required is written out and presented to him for such decision.'' If this be true, then much less will he be in error for failure to charge when no request, either written or verbal, is presented."

The State further insists the principle of the Becton case has been recently followed in *Turner* v. *State,* 188 Tenn. 312, at page 322, 219 S. W. (2d) 188, at page 193, wherein the Court said:

"No assignment of error on the Judge's charge to the jury, either for omission or inadequacy, will be considered unless a special request was tendered, pointing out the defendant's contention as to the error. Code, sec. 11750; State v. Becton, 66 Tenn. 138; Powers v. State, 117 Tenn. 363, 370, 97 S. W. 815."

In *Frazier* v. *State,* 117 Tenn. 430, 100 S. W. 94, the conviction was reversed here when the trial judge failed to charge on the question of reasonable doubt even though no special request was made therefor.

In *Pearson* v. *State,* 143 Tenn. 385, 226 S. W. 538, it was held that in a prosecution for homicide, where the dying declaration of deceased was admitted as evidence, it was reversible error for the court to omit to instruct the jury on the weight to be given to such declaration, even though no request for such instruction was made.

■ We think in this same classification is, failure to instruct on the question of reasonable doubt, or on the weight to be given a dying declaration. We think this case belongs in a class denominated as fundamental and the failure to charge even without request is reversible error.

■ We think the act of 1873, Chapter 57, Tennessee Code Annotated, known as the Bobbs-Merrill Code, Section 40-2517 has no application here. This section provides:

"If the attorneys on either side desire further instructions given to the jury, they shall write precisely what they desire the judge to say further. In such case the judge shall reduce his decision on the proposition or propositions to writing, and read the same to the jury without one word of oral comment, it being intended to prohibit judges wholly from making oral statements to juries in any case involving the liberties and lives of the citizens."

■ ■ This Section was in existence for many years before the decision in *Frazier* v. *State,* supra, *Webb* v. *State,* supra, and *Pearson* v. *State,* supra. We think this section applies to matters not fundamental in their character, and where it can be generally understood that the fundamental defenses have been charged generally by the trial judge. But where the trial judge wholly fails to charge in felony cases on such matters as reasonable doubt, dying declaration, where the facts are admitted, and in felony cases where the State relies entirely upon the circumstantial evidence, these matters are fundamental and failure to charge even though not requested is reversible error. For a full discussion of a rule outside of Tennessee as well as in this State on this subject see

*Gardner* v. *State,* 27 Wyo. 316, 196 P. 750, 15 A. L. R. page 1049 et seq.

The judgment of the lower court is reversed and this case is remanded for a new trial.

BURNETT, Justice (dissenting).

I most respectfully dissent from the majority opinion in this case. This opinion holds that it is reversible error for the trial judge to fail to charge the law with reference to circumstantial evidence when the conviction depends on such evidence entirely and the plaintiff in error and his counsel have sat idly by and have not requested the Court to so charge at the conclusion of the general charge of the Court. The Court in the instant case in reaching this conclusion relies upon our opinion in *Webb* v. *State,* 140 Tenn. 205, 203 S. W. 955, 15 A. L. R. 1034, as its authority for so holding.

The Court in the Webb case, supra, made no mention of Code Section, Bobbs-Merrill Code, Section 40-2517 or Williams' Annotated Code 11750. This section of the Code clearly provides and makes it imperative that "attorneys on either side desire further instructions given to the jury, they shall write precisely what they desire the judge to say further." I think that the provision of this statute is valid and imperative and not merely directory, and must be observed. *Newman* v. *State,* 65 Tenn. 164; *State* v. *Becton,* 66 Tenn. 138; *Duncan* v. *State,* 66 Tenn. 387; *State* v. *Missio,* 105 Tenn. 218, 58 S. W. 216; *Humphreys* v. *State,* 166 Tenn. 523, 64 S. W. (2d) 5. All of these cases hold that the preceding section of the Code, that is, Williams' Annotated Code 11749, Bobbs-Merrill 40-2516, are imperative and not directory. The Becton case, as very fully quoted from in the majority opinion herein, holds that the section of the Code, 40-2517 or 11750, re-

quiring attorneys to submit a special request in writing is likewise imperative. It seems to me that either section, that is, 11749 or 11750 Williams' Annotated Code, 40-2516 and 40-2517 of the Code of 1950 (Bobbs-Merrill) are likewise imperative and that when a case is tried and a lawyer sits idly by and does not make an application for the law with reference to circumstantial evidence to be charged that he necessarily waives the matter.

In 23 C. J. S., Criminal Law, Sec. 1325, p. 952 it is said:

"It is not error, or at least not reversible error, to fail to give, without request therefor, an instruction on the subject of circumstantial evidence, [citing cases of the United States District Court, Arkansas, Florida, Georgia, Iowa, Kansas, Louisiana, Missouri, Montana, Nebraska, North Carolina, Oklahoma and our case of Turner v. State, 171 Tenn. 36, 100 S. W. 2d 236, Texas and Wyoming] unless the prosecution relies exclusively on such evidence for a conviction [citing cases from Georgia and our Webb case, supra, Wyoming as supporting this last rule], and not even in that case, according to some authorities."

(Citing cases from Kansas and Oklahoma.)

It is up to the Legislative branch of our government to make the law and when the Legislature has enacted a statute the statute is presumed to be good until it is challenged and it is found that it is contrary or violative of the intent and meaning of our Constitution. The judicial branch of the government declares the law and has the power in a proper proceeding to declare the statute or Act of the Legislature unconstitutional because the Constitution is a superior law. Therefore if this statute requiring the lawyers or the representatives of the plaintiff in error to make these special requests in writing is not unconstitutional then it is up to us to enforce this

statute, Code 11750 or 40-2517. Frankly I see no good reason why we should not do it. The Legislature in enacting the statute made no exception in case of circumstantial evidence or anything else. The statute has been the law for eighty-two (82) years.

Regardless of this statute, in which I feel that we are compelled to follow, it is nothing but fair that before a trial court may be required to give general instructions or is put in error in instructions that are given that the party complaining should notify the trial court as required by this statute and should assist the court (counsel for the party are officers of the court) in the function of instructing the jury. It seems to me that,

"It is an established general rule that when a party is of the opinion that the instructions given by the court are not explicit enough upon certain points or do not cover all phases of the case, he should call the attention of the court to that fact, and tender other and fuller instructions or request the court to give such further instructions as he desires * * *" 53 Am. Jur., p. 414.

It seems to me that the statute, Williams' Code, Sec. 11750, Bobbs-Merrill, Sec. 40-2517, means what it says and should be followed, that is, that a duty rests on counsel for the defendant to aid, and not to ambush, the court, and consequently instructions should be requested covering the matter of circumstantial evidence and its meaning in this particular case. This statute applies and prescribes a rule of criminal procedure the benefits of which a defendant may waive, and which he does waive if he does not comply with this statute. Certainly it is counsel's duty representing a plaintiff in error to aid, and not to ambush, the court. In the instant case no request was made

for an instruction in respect to circumstantial evidence. In fact, no instruction of any kind was requested by the defendant. It is in this particular that I disagree with the otherwise very able and excellently reasoned opinion.