JOHN THOMAS GRAY

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1957.)

Opinion filed March 4, 1958.

Rehearing Denied April 9, 1958.

HARRIS A. GILBERT and WARD HUDGINS, Nashville, for plaintiff in error.

James M. Glasgow, Assistant Attorney General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant below, John Thomas Gray, and one Monroe Nichols were jointly indicted for the murder of Robert Lee Coleman. A severance was granted on motion of the defendant Gray, but at the trial he was convicted of murder in the second degree and his punishment fixed at not less than ten years nor more than twenty years in the State Prison.

The homicide occurred on May 12, 1956, shortly after midnight. About this time the defendant and Nichols were loafing around with other colored people near Black Hawk Restaurant, in the vicinity of 12th Avenue and Charlotte in Nashville.

It seems that Nichols referred to a girl by name and Gray replied that he did not have anything to do with

girls like the one mentioned. It appears that Nichols apparently took offense at this remark and pulled out his knife. Friends and bystanders interceded and Nichols left. About this time Gray engaged a taxi operated by the witness Gordan and went to his residence on Mc-Gavock Pike. After he reached his home he procured his pistol and drove back in the taxi to a point across the street from the Black Hawk Cafe. This was about 2 o'clock A.M.

There is a difference in the testimony of witnesses as to just how the shooting took place. All of the witnesses agree that Nichols and Gray participated in a gun battle in front of the cafe; one of Gray's bullets went through the window of the cafe and struck Coleman, who was not implicated in the shooting and the latter died from this injury. In this pistol battle Nichols was shot in the stomach. Some six or eight shots were exchanged in the battle.

Gray stated to the officers that he shot at Nichols when he saw that the latter had a pistol. One of the officers testified that Gray said he shot Nichols after the latter fired at him first. Gray did not testify, but two of his close friends testified in his behalf that Nichols fired first. However, these two witnesses contradict each other as to how the shooting took place.

The principal assignment of error is that the evidence preponderates in favor of the innocence of the defendant, Gray, and having shot Nichols in self-defense and the fact that a stray bullet struck Coleman when he was so acting would excuse the homicide.

This shooting occurred on a busy street in the city of Nashville, where many people congregate about this time of night, and the fact that the defendant fired a gun under the circumstances in this case in that area indicates a reckless disregard for the lives and safety of others showing wantonness.

After reading this record it appears that Gray was without justification in engaging in trouble and going home, arming himself and returning to the scene of the first trouble.

Now, as to the actual shooting the jury evidently disregarded the testimony offered by the defendant's witnesses and did not think that Gray was justified in firing the shots. This belief could be sustained by the fact that Gray went to his home and returned to the scene in about twenty-five minutes.

The State cites the case of *Bonnard v. State,* 25 Tex., App. 173, 7 S.W. 862, 8 Am. St.Rep. 431, which held that where one returns to the scene of the crime and commenced shooting, it was immaterial as to who provoked the difficulty or who was the aggressor on the second occasion. The fact that someone was killed makes it murder. While this holding may have been justified under the facts cited in this case we have no disposition to go that far in stating that this is the law in this State.

We have held that one may be deprived of relying upon the defense of justification or self-defense, as is the contention in the case of *Rogers v. State,* 95 Tenn. 448, 33 S.W. 563; *Foutch v. State,* 95 Tenn. 711, 34 S.W. 423, 45 L.R.A. 687.

■ However, we do not think the fact that a person leaves the scene of trouble and then goes away and arms himself and returns to the scene of the first trouble and makes no effort whatever to molest the other party would deprive him of the right of self-defense in all cases.

■ However, in the present case we think the jury was justified in coming to the conclusion that Gray and Nichols were engaged in a mutual combat or that upon his return Gray became the aggressor.

■ The remaining question is whether it was necessary for the trial-judge to charge the law concerning circumstantial evidence, although no special request for the charge was submitted. The rule in *Webb v. State,* 140 Tenn. 205, 203 S.W. 955, 15 A.L.R. 1034; and approved in *Bishop v. State,* 199 Tenn. 428, 287 S.W. 2d 49, is that where the State relies entirely upon circumstantial evidence for a conviction then the trial judge is in error if he does not charge on this fundamental. However, it was noted in *Bishop v. State, supra,* that this is not the rule where there is in the record direct evidence to sustain the contention of the State. In such a case a special request is necessary.

We have considered all of the assignments of error, find them without merit and the judgment of the lower court is affirmed.