**STATE of Tennessee, Petitioner,**

v.

**Ricky GIBSON and Benny Seagraves, Respondents.**

Supreme Court of Tennessee.

Dec. 23, 1974.

Weldon B. White, Jr., Asst. Atty. Gen., Ray A. Ashley, Jr., Atty. Gen., Nashville, for petitioner.

Joe C. Davis, Lexington, for respondents.

## OPINION

HENRY, Justice.

Respondents were convicted in the Criminal Court of Henderson County of burglary in the third degree and sentenced to three years confinement in the state penitentiary.

The Court of Criminal Appeals reversed the convictions on the ground that they were based solely on circumstantial evidence and the trial judge failed to charge the jury, sua sponte, on circumstantial evidence.

We granted the State's petition for certiorari.

It is the State's position that the evidence was both circumstantial and direct and that the Court, therefore, was under no duty to charge on circumstantial evidence.

A decision of this case necessarily requires a review of the facts.

Defendants were charged with burglarizing the Chesterfield Saddle Club, a volunteer club or association located in a rural area of Henderson County and in the Chesterfield community.

Ethridge Woods, an employee of the Chesterfield Saddle Club, was driving by the Club, during daylight hours, on July 5, 1972, when he noticed that the door of the clubhouse, or concession stand, was open. The Club was not open or in operation on this particular date. He saw two men run out of the building and into a thicket behind. He went on up the road, looked back and saw one man go back into the building. He then turned around and went back and at that time, saw two men run out of the building. He recognized them and identified them as the defendants, upon the trial.

Upon entering the building he observed that "a bunch of hamburger patties" and cold drinks had been removed from the cooler.

At this juncture, Mr. Woods went home and "called Joe Henry". The record reflects that at that point in time the only "Joe Henry" having any connection with this case was Joe Henry Derryberry, a past president of the association.

Mr. Woods thought that the men might have a car parked on another road about a quarter of a mile away. Upon investigating he found the car in this location and, while getting the license number, the same

two men came back up the road. He gave the license number to Derryberry and Dennis Scott, president of the club. The automobile was registered to the defendant, Seagraves.

The record reflects some inconsistency on the part of this witness as to his identification but after he had been "tennis balled" back and forth between the prosecution and defense, and on what is designated in the bill of exceptions as "re-re-re-direct examination", he testified positively that the two men he saw at the car were the same two that he had seen come out of the building. He bolstered his testimony on "re-re-re-redirect examination" by referring to their "same identical dress."

Joe Derryberry testified that the lock to the clubhouse was broken and corroborated Woods to the extent of the hamburger patties in the building and the license number.

Additionally he says there was nothing missing, except some "candy and stuff", but asserts that "it was fixing to be missing."

James Todd, Sheriff of Henderson County at the time, testified to brief statements made by the defendants.

Gibson told him that the two defendants and their wives were out driving around and that they "left the women-folk up there picking blackberries."

Seagraves denied even being in the area.

Don Clark, an agent with the TBI, went to the Gibson residence during the conduct of the investigation. He was advised by Mrs. Gibson that Mr. Gibson was not at home. However, after being given permission to search the residence, he found Gibson hiding inside.

Gibson told Clark that he and his wife and Seagraves and his wife were riding around the Chesterfield Saddle Club area; that their wives wanted to pick some blackberries; and while they were so engaged he and Seagraves walked to a nearby lake; stayed for awhile and then left. He denied being at the Saddle Club.

On the next day, July 6, 1972 Agent Clark interviewed Seagraves, who denied being with any of the other three at the time in question. To the contrary he says he was at his sister's home drunk, and that his wife had his car.

The defendants, testifying in their behalf, categorically deny their guilt and are supported by their respective wives. It should be noted that Seagraves' testimony at the trial was totally at variance with his statement to Agent Clark. He explains this statement by saying that he was drinking when he talked with Clark.

Each defendant testified to prior felony convictions.

█ The verdict of the jury, approved by the trial judge operated to accredit the testimony of the State's witnesses. Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107 (1964); White v. State, 210 Tenn. 78, 356 S.W.2d 411 (1961).

█ We are persuaded from our review and analysis of the proof so accredited that this is not a pure circumstantial evidence case.

Ethridge Woods saw the two defendants run out of the building and into a thicket.

He went on up the road; looked back and saw one of them go back into the building.

He turned around and went back and saw them run out of the building.

This is direct evidence.

The fact that the building was broken into was established by direct evidence.

It necessarily follows that the corpus delicti was established by direct evidence.

Other parts of the proof were circumstantial in character.

It is the established law of this state that when the only evidence connecting a defendant with the commission of a crime is circumstantial in nature, the trial court must instruct the jury on the law of circumstantial evidence, irrespective of whether the defendant requests such a charge. Webb v. State, 140 Tenn. 205, 203 S.W. 955 (1918); Bishop v. State, 199 Tenn. 428, 287 S.W.2d 49 (1956).

It is equally settled, however, that when the evidence is both circumstantial and direct the trial judge is not required to charge on circumstantial evidence, absent a request for such a charge. Monts v. State, 214 Tenn. 171, 379 S.W.2d 34 (1964).

This is the precise situation in this case.

Able and experienced counsel for the defendants, for reasons not revealed in this record, but which were no doubt considered controlling, did not request a charge on circumstantial evidence. We are persuaded that he did not regard this as a pure circumstantial evidence case.

Moreover we are constrained to the opinion that the distinguished and experienced trial judge did not so regard it. Otherwise, we feel that he would have so charged the jury on his own initiative.

Additionally the failure to charge on circumstantial evidence was not assigned as error in the Court of Criminal Appeals. That Court reversed on the basis of what it considered to be "plain error" and "in the interests of justice".

While we do not fault the Court of Criminal Appeals for reversing on the basis of unassigned error, our analysis of the proof and application of the applicable law lead us to the inescapable conclusion that the trial judge was not in error and that the interests of justice demand validating of the verdict of the jury as approved by the trial judge. The judgment of the Court of Criminal Appeals is reversed and the trial judge is affirmed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.