IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. TYRONE BROWN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-05841    Arthur T. Bennett, Judge**

**No. W2000-02206-CCA-R3-CD  - Filed August 9, 2001**

The defendant was convicted of especially aggravated robbery and was sentenced to eighteen years as a violent offender.  He appealed, presenting as his single issue the claim that the evidence at trial was not sufficient for the finding of guilt.  Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

A C Wharton, Jr., Shelby County Public Defender; Garland Ergüden, Assistant Public Defender (on appeal); and Donna Armstard, Assistant Public Defender (at trial), for the appellant, Tyrone Brown.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The victim, Thomas Shea, testified that in January 1998, he was employed as a bartender at the Breckenridge Brewery, located near Beale Street, in Memphis, Tennessee.  On the evening of January 24, 1998, after his place of employment had closed, he and several other employees had gone to Blues City Cafe, a club on Beale Street.  As he was leaving the club, a man, whom he identified as the defendant, approached him and asked for a ride.  He recognized the defendant as a person who had done "side-work," or odd jobs, at the Breckenridge Brewery.  He knew the defendant as "Ty."  The victim agreed to give the ride, and as the two were proceeding in the victim's car, the defendant told the victim to pull over.  He then asked for the victim's money and, after this request was refused, began stabbing the victim with a knife.  The victim threw his wallet at the defendant, who grabbed it, and the car keys, and ran away.

The victim testified that he was stabbed three times in the leg before he surrendered his wallet and twice in the right shoulder. The victim walked to a Mapco store and asked for help. He was made to wait outside because the employees did not want to clean his blood from the floor. The victim waited on the sidewalk for an ambulance. He testified that he was hospitalized for two days and was unable to walk for two weeks.

The defendant testified, denying that he had ever done any work at the Breckenridge Brewery or that he knew the victim. He said that he had worked only at the Blues City Cafe and at the New Daisy Theater on Beale Street. He testified that he did not recall what he had been doing on the night of the robbery.

## ANALYSIS

### Sufficiency of the Evidence

As his assignment of error, the defendant asserts that the evidence was insufficient for his conviction to be sustained.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based on direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. See State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

Evidence that is circumstantial differs from direct evidence in that it "consists of proof of collateral facts and circumstances from which the existence of the main fact may be deduced according to reason and common experience of mankind." Bishop v. State, 287 S.W.2d 49, 50 (Tenn. 1956). Circumstantial evidence alone may be sufficient to support a conviction. See State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988) ("A criminal offense may be established exclusively by circumstantial evidence.") (citations omitted). However, if a conviction is based purely on circumstantial evidence, the evidence must "'exclude every other reasonable theory or hypothesis except that of guilt . . . [.]'" State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987) (quoting Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)).

In determining the sufficiency of the convicting evidence, this court does not reweigh or reevaluate the evidence. See State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its own inferences for those drawn by the trier of fact from circumstantial evidence. See Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). On the contrary, upon a conviction in the trial court, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences that may be drawn from the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The trier of fact determines the "'weight and credibility to be given to the testimony of witnesses.'" Id. (quoting

Bolin v. State, 405 S.W.2d 768, 771 (Tenn. 1966)).  "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  Because the guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, the accused, in choosing to challenge the sufficiency of the convicting evidence, has the burden of showing why the evidence is insufficient to support the verdict returned by the trier of fact.  See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  This court will not disturb a guilty verdict because of the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt.  See id.  It is without question that a conviction can be supported by the testimony of the victim, as the sole witness identifying the defendant as the perpetrator.  State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993); State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981).

In the trial of this matter, the victim testified that he knew the defendant as "Ty" because of the defendant's occasionally doing odd jobs at the victim's place of employment.  He identified in court the defendant as the man who stabbed and robbed him.  The defendant also testified, basically completely denying any familiarity with the victim or guilt in the crime.  The jury chose to believe the victim and disbelieve the defendant, and we conclude that the evidence at trial supports such a result.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE