IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. TIMOTHY SCOTT BARNES, DAVID GROOMS, and RICHARD GROOMS

**Appeal from the Criminal Court for Cocke County**
**Nos. 8131, 8145, 8146    Ben W. Hooper II, Judge**

**No. E2001-01390-CCA-R3-CD**
**March 27, 2002**

The defendants, Timothy Scott Barnes, David Grooms, and Richard Grooms, were convicted of attempted burglary, a Class E felony. The trial court imposed Range I sentences as follows: Timothy Scott Barnes, one year, three months; David Grooms, one year, six months; and Richard Grooms, one year, six months. In this appeal of right, the defendants challenge the sufficiency of the evidence. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

John B. Bunnell, Newport, Tennessee, for the appellant, Timothy Scott Barnes, and Thomas V. Testerman, Newport, Tennessee, for the appellants, David Grooms and Richard Grooms.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In the late fall of 1999, John David Thacker, a building contractor, began the construction of a residence for the victim, Lee Schilling. The construction site, located in a heavily wooded area in Cocke County, was accessible by a private driveway leading from Ogle's Chapel Road. During the course of the construction, materials and equipment had been stolen from the property on three separate occasions. The basement of the residence had been burglarized on two occasions. In an effort to protect against theft, Thacker placed a chain across the driveway, installed a heavy duty door on the basement where approximately $2,500.00 in equipment and material had been stored, and asked Detective Bryan Murr of the Cocke County Sheriff's Department to conduct surveillance of the property.

On March 24, 2000, Thacker, who lived in relatively close proximity to the Schilling tract, left work at approximately 8:00 P.M. At 9:00 P.M. that night, he returned to the construction site and saw no signs of any break-in or theft. At about the same time, Detective Murr, assisted by Constable Richard Valentine and reserve Deputy Steve Johnson, set up surveillance at a point from which he could see any vehicle approaching the Schilling property by either Ogle's Chapel Road or by a private road which served as an alternative access. About one hour later, Detective Murr saw a truck traveling on the private road stop and back into the Schilling driveway. For a period of between 15 and 20 minutes, Detective Murr could hear the truck's doors opening and other sounds he described as like a hammer striking wood. Detective Murr contacted Valentine and Johnson and instructed them to position themselves at the end of the private road access. As another vehicle, which never stopped, passed by the Schilling driveway, the truck, occupied by the three defendants, pulled out of the driveway and turned onto the private road. Detective Murr, despite sustaining a flat tire to his pursuing vehicle, was able to maintain visual contact with the tail lights of the defendants' truck until the defendants were stopped by Constable Valentine and Deputy Johnson. Inside the cab of the truck, the officers found tools, including a pry bar, that were consistent with some damage that was later discovered on the basement door of the Schilling property. At 10:30 P.M., Thacker inspected the basement door and found damage to the hasp, as if someone had attempted to pry it off. The wood near the hasp had been splintered and there was damage to the concrete blocks adjacent to the door. After inspecting the construction site, which had an unpaved, muddy driveway, Thacker met with the officers at the place of the defendants' arrest. He observed that two of the defendants had mud on their shoes and that the tires of their truck were muddy. The trailer hitched to the truck contained pieces of concrete block which were consistent with the marks on the door of the victim's basement. Thacker and Detective Murr observed tire tracks and freshly made foot prints near the victim's residence.

At the conclusion of the state's case in chief, the defense offered no proof but sought judgments of acquittal.

In this appeal, the defendants argue that the circumstantial evidence is insufficient because the proof did nothing more than establish that each of them was present at the crime scene. The defense argues that the state failed to establish that each of the three defendants actually participated in the burglary attempt.

Rule 29 of the Tennessee Rules of Criminal Procedure empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the state rests or at the conclusion of all the evidence. Overturf v. State, 571 S.W.2d 837 (Tenn. 1978). At the point the motion is made, the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence. Hill v. State, 470 S.W.2d 853 (Tenn. Crim. App. 1971). The standard by which the trial court determines a motion for judgment of acquittal at that time is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction. That is, "whether, after reviewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307 (1979).

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence, and all reasonable inferences which may be drawn therefrom.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact.  Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).  A guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in the proof in favor of the state's theory.  State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

An offense may be proven by circumstantial evidence alone.  Price v. State, 589 S.W.2d 929, 931 (Tenn. Crim. App. 1979).  Our scope of review is the same when the conviction is based upon circumstantial evidence as it is when it is based upon direct evidence.  State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961).

With convictions such as these, where the evidence is entirely circumstantial, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence.  There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt.  Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970).  The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests.  Bishop v. State, 287 S.W.2d 49, 52 (Tenn. 1956).  Like all other fact questions, the determination of whether all reasonable theories or hypotheses are excluded by the evidence is primarily a jury question.  State v. Tharpe, 726 S.W.2d 896 (Tenn. 1987); Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958).

The jury is governed by four rules when testing the value of circumstantial evidence:  (1) The evidence should be acted upon with caution; (2) all of the essential facts must be consistent with the hypothesis of guilt; (3) the facts must exclude every other reasonable theory except that of guilt; and (4) the facts must establish such a certainty of guilt as to convince beyond a reasonable doubt that the defendant is the perpetrator of the crime.  Marable, 313 S.W.2d at 456.

In the light most favorable to the state, it was established that at 9:00 P.M. on March 24, 2000, there was no indication of an attempted burglary at the Schilling residence.  At the same time, the Cocke County Sheriff's Department set up a surveillance of the property.  An hour later, a truck later determined to be occupied by the three defendants backed into the Schilling driveway.  Detective Murr heard doors open and sounds like a hammer striking wood.  Fifteen to 20 minutes later, the truck left the driveway and traveled onto a private road which ultimately led to Rooster Town Road, where Constable Valentine and Officer Johnson waited.  Detective Murr never lost sight of the truck's tail lights as it was driven from the scene until it was stopped.  All three defendants were in the cab of the vehicle.  The contractor and the officers discovered damage to the basement door of the residence.  A truck trailer hitch matched dents in the masonry and a pry bar found in the vehicle was consistent with damage done to the premises.  There were concrete particles and some

small wooden splinters on the ball of the trailer hitch. The only other vehicle at the scene did not stop at the Schilling residence and proceeded onto Ogle's Chapel Road. Two of the defendants had muddy shoes. There were truck tire tracks in the mud near the Schilling residence. During the time Constable Valentine and Officer Johnson were stationed at the intersection of the private road and Rooster Town Road, no one else drove into the intersection from the direction of the Schilling residence.

A burglary is committed when one, without the consent of the owner, enters a building other than a habitation with an intent to commit a felony, a theft, or an assault. Tenn. Code Ann. § 39-14-402. The criminal attempt of a burglary occurs when one (a) with the requisite intent takes a substantial step towards the commission of the offense. Tenn. Code Ann. § 39-12-101. One is criminally responsible for the conduct of another when one intends to promote or assist in the commission of the offense or benefit in the proceeds and solicits, directs, aids, or attempts to aid another to commit the offense. Tenn. Code Ann. § 39-11-402(2).

In our view, the state was able to exclude every reasonable hypothesis other than the three defendants' jointly traveling to a construction site located in a remote, wooded area in an effort to commit a burglary. The truck occupied by all three defendants was utilized in an effort to gain entry to the basement where valuables were stored. At least two of the three individuals had mud on their shoes. The truck's tire marks were in the muddy driveway of the construction site. No other vehicles stopped at the site during the period of time in question. The defendants fled together from the scene and when stopped by officers, their truck contained tools consistent with the burglary and bore marks of an attempt to force entry into the Schilling basement. The record establishes that the defendants either attempted to or were criminally responsible for forcibly entering the Schilling basement. In our view, a rational trier of fact could have found each of the defendants guilty beyond a reasonable doubt based entirely upon the circumstantial evidence.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-