IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2002

## STATE OF TENNESSEE v. ERIC ALONZO SMITH

**Appeal from the Circuit Court for Montgomery County**
**No. 40100257     Michael R. Jones, Judge**

**No. M2002-01077-CCA-R3-CD - Filed April 8, 2003**

The defendant, Eric Alonzo Smith, was convicted of driving on a revoked license, aggravated robbery, and evading arrest. The trial court imposed concurrent sentences of 6 months, 8.5 years, and 11 months, 29 days, respectively. In this appeal of right, the defendant asserts that the evidence is insufficient to support the conviction for aggravated robbery. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal), and Roger Nell, District Public Defender (at trial), for the appellant, Eric Alonzo Smith.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

At approximately 11:30 p.m. on March 14, 2001, a man wearing a ski mask rolled up on his forehead like a toboggan entered Scott's Market in Clarksville. The cashier, Cheryl Armstrong, spoke to the man as he walked to the food section in the back portion of the market. Because the store was otherwise empty, she watched carefully while the man passed the beer cooler and entered the cash register area. According to Ms. Armstrong, the man simultaneously pulled down his ski mask, pulled out a revolver, and ordered her to open the register. The defendant took approximately $130 in cash and fled. Within five minutes of her call to the police, Ms. Armstrong learned that a potential suspect was in custody. She was immediately able to identify the defendant as the perpetrator even though she had not previously noticed that he wore a beard.

At trial, Ms. Armstrong testified that she was able to get a good look at the defendant before the robbery because the ski mask was rolled up to his brow line. She estimated that the defendant was in the store for approximately three minutes before pulling down his mask and drawing his weapon. She recalled that the defendant was wearing a "dark work suit" "[l]ike a uniform" and "black and white sneakers."

Officer Steven Hamilton of the Clarksville Police Department, who was located just south of the market when he received the dispatch, observed a gray vehicle being driven by an individual matching the description he had been given of the robbery suspect. Officer Hamilton testified that as he turned around to follow, the gray vehicle turned onto a side street at a high rate of speed and continued to accelerate even after the cruiser's lights and siren were activated. After traveling a short distance, the vehicle was stopped and the driver fled on foot. According to Officer Hamilton, who eventually caught the suspect, the defendant was wearing a dark work jacket when he was arrested and wore only one brown shoe.

Upon searching the defendant's car, Officer Hamilton discovered a black ski mask, a pair of white sneakers, a second brown shoe, and two dollar bills. Later, while retracing the chase route, he found $143 along the side of the roadway, several dollars more than had been reported stolen. Officer Hamilton stated that the length of the chase was no more than one-quarter of a mile and that he saw no other cars on the road during the chase. The cash found on the side of the road was in one-, five-, and ten-dollar denominations, matching the denominations taken in the robbery.

Officer Jeffrey K. Stanfill, also of the Clarksville Police Department, participated in the investigation. He remembered that upon learning that Ms. Armstrong had identified him as the robber, the defendant remarked,"The f------ bitch said it was me?" Officer Stanfill explained that the defendant could not have known that the cashier was a female unless he had been in the market.

Officer Stanfill discovered an older revolver near the place of the arrest. He described the weapon as a "shiny . . . revolver, small caliber" loaded with five .38 caliber rounds. Officer Stanfill acknowledged that the weapon "was kind of embedded slightly into the ground," explaining that the ground was muddy due to rain.

In this appeal, the defendant asserts that the evidence was insufficient to support a conviction for aggravated robbery. He claims that because Ms. Armstrong did not notice that he had a beard until she saw him at the scene of his arrest, her identification was not reliable. He also argues that the evidence is insufficient to support his conviction because the amount of money discovered along the roadway did not precisely match the amount listed as missing from Scott's Market. Further, the defendant contends that when arrested, he was not wearing black and white sneakers, as the perpetrator had been described by Ms. Armstrong.

When considering a sufficiency question on appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be

given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Where the evidence is circumstantial in nature, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence. There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt. Pruitt v. State, 3 Tenn. Crim. App. 256, 460 S.W.2d 385, 390 (1970). The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests. Bishop v. State, 199 Tenn. 428, 287 S.W.2d 49, 52 (1956). Like all other fact questions, the determination of whether all reasonable theories or hypotheses are excluded by the evidence is primarily a jury question. State v. Tharpe, 726 S.W.2d 896 (Tenn. 1987); Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, 457 (1958).

To obtain a conviction for aggravated robbery, the state must prove that the defendant committed a robbery "with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402(a)(1) (1997). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or by putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997).

Here, the cashier made a positive identification of the defendant. Prior to the robbery, she had an opportunity to become familiar with his appearance. The robber took approximately $130 from the cash register, roughly the same amount recovered near the scene of the arrest. The defendant was driving near the market only minutes after the robbery and fled at a high rate of speed when seen by Officer Hamilton. The defendant had dark clothing and was wearing only one shoe when he was arrested, suggesting that he may have tried to change shoes after the robbery. Officers discovered a black ski mask and shoes fitting the description provided by Ms. Armstrong inside the defendant's car. A revolver, the type of weapon used by the perpetrator, was found on the ground near the scene of the arrest. The jury accredited the testimony of the state's witnesses and resolved inconsistencies in the proof, as was its prerogative. See State v. Summerall, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995). In our view, the evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that the defendant committed the crimes.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE