IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2006

## STATE OF TENNESSEE v. BRIAN KEITH STANLEY

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15714     Lee Russell, Judge**

_____

**No. M2005-02113-CCA-R3-CD - Filed April 20, 2006**

_____

The defendant, Brian Keith Stanley, was convicted of driving under the influence, first offense.  The trial court imposed a sentence of eleven months and twenty-nine days, with ninety days to be served in confinement.  After determining that the defendant had violated the implied consent law, the trial court revoked his driver's license for two years.  In this appeal, the defendant asserts that the evidence is insufficient to support his conviction for driving under the influence.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Collins, Assistant Public Defender, for the appellant, Brian Keith Stanley.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 24, 2004, Michael Gurley, an employee of the Sonic Drive-In located on Madison Street in Bedford County, arrived for work at approximately 5:40 a.m. in order to open the restaurant for breakfast at 7:00 a.m.  When he observed a vehicle parked in one of the drive-in stalls occupied by what appeared to be a sleeping man, he telephoned the police as "a safety precaution."

Dispatched to the Sonic at 5:39 a.m., Officer Charles Merlo of the Shelbyville Police Department arrived approximately four minutes later to find the defendant attempting to place an order for food from his parked vehicle.  Officer Merlo approached the open window of the defendant's car, smelled alcohol on the defendant, and asked him to step out of the vehicle. According to Officer Merlo, the defendant had "glassy, blood[-]shot" eyes, smelled strongly of

alcohol, admitted having consumed an alcoholic beverage earlier in the evening, and stated that he "hadn't been home." When the officer asked the defendant to perform field sobriety tests, the defendant explained that he had recently undergone surgery on his neck that would likely affect his performance. Officer Merlo then administered the "alphabet test," which consisted of asking the defendant to recite the alphabet beginning at the letter S and ending at the letter Z, and then the "finger dexterity test," which required the defendant to touch the tip of each finger to his thumb while counting. Officer Merlo testified that the defendant failed the alphabet test by not starting with the letter S as instructed and failed the finger dexterity test by not counting backwards.

Officer Merlo transported the defendant to the Bedford County Emergency Room for the purpose of having his blood drawn for blood alcohol testing. According to Officer Merlo, the defendant refused to submit to any form of alcohol testing and also refused to sign the implied consent form. During cross-examination, Officer Merlo admitted that he had not seen the defendant driving the vehicle. He acknowledged that the defendant did not indicate what kind, when, or how much alcohol he had consumed.

Officer Billy Smith of the Shelbyville Police Department, who assisted Officer Merlo, described the defendant's appearance as "a classical type . . . of intoxication." He confirmed that the defendant did not perform either of the field sobriety tests as directed. He testified that the defendant "had trouble pronouncing some things" and had "blood[-]shot eyes.".

In this appeal, the defendant asserts that the evidence is insufficient to support his conviction for driving under the influence. On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Where the evidence is entirely circumstantial, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence. There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt. Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970). The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests. Bishop v. State, 287 S.W.2d 49, 52 (Tenn. 1956). Like all other fact questions, the determination of whether all reasonable theories or hypotheses are excluded

by the evidence is a jury question. <u>State v. Tharpe</u>, 726 S.W.2d 896, 900 (Tenn. 1987); <u>see</u> <u>Marable</u>, 313 S.W.2d at 451, 457 (Tenn. 1958).

The jury is governed by four rules when testing the value of circumstantial evidence: (1) The evidence should be acted upon with caution; (2) all of the essential facts must be consistent with the hypothesis of guilt; (3) the facts must exclude every other reasonable theory except that of guilt; and (4) the facts must establish such a certainty of guilt as to convince beyond a reasonable doubt that the defendant is the perpetrator of the crime. <u>Marable</u>, 313 S.W.2d at 456.

Tennessee Code Annotated section 55-10-401 provides that "[i]t is unlawful for any person to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state,. . . or any other premises which is generally frequented by the public at large, while . . . [u]nder the influence of any intoxicant." Tenn. Code Ann. § 55-10-401(a)(1) (2003).

Here, the uncontroverted evidence was that the defendant smelled of alcohol, had blood-shot eyes, and was "slightly wobbly" on his feet. Officer Smith described the defendant's appearance as that of a "typical" intoxicated person. Both officers testified that the defendant's intoxication would have impaired his ability to drive. The defendant did not deny that he had been driving the vehicle. Moreover, there was proof that he was seated in the driver's seat and that the keys were in the ignition, circumstances from which the jury could have determined that he was in physical control of the vehicle. <u>See</u> <u>State v. Lawrence</u>, 849 S.W.2d 761, 765 (Tenn. 1993) (holding that the totality of the circumstances approach is used to determine whether the defendant was in physical control of a vehicle). The defendant admitted having consumed an alcoholic beverage sometime prior to arriving at the Sonic and acknowledged that he had not slept during the night. Each of the officers testified that the defendant failed two field sobriety tests. The jury accredited the testimony of the officers. Under these circumstances, it is our view that the evidence was sufficient.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE